# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

---

**Morgan F.,**

        Plaintiff,

   v.

**Commissioner of Social Security,**

        Defendant.

**DECISION and ORDER**

22-cv-435-MJP

---

**Pedersen, M.J.** On review of the Commissioner of Social Security's decision denying Plaintiff disability insurance benefits and supplemental security income, the Court remanded for further proceedings and approved payment of $9,455 in attorney's fees to Plaintiff's counsel under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. (*See* Order, ECF No. 12, Aug. 16, 2023; Stip. and Order, ECF No. 15, Nov. 16, 2023.) On remand, the Commissioner issued a fully favorable decision and awarded Plaintiff $52,237 in past-due benefits. (*See* ECF No. 16-3; ECF No. 16-4 at 3.) Plaintiff now requests $13,059.25 in attorney's fees under 42 U.S.C. § 406(b), in accordance with counsel's twenty-five percent contingency-fee agreement. (Fee Mot., ECF No. 16, Oct. 20, 2025; *see* ECF No. 16-2.) The Commissioner neither supports nor opposes the fee motion. (Resp. to Fee Mot., ECF No. 19, Nov. 18, 2025.) For the following reasons, the Court grants the motion.

To begin, Plaintiff's section 406(b) motion is timely given its filing within 17 days of notice of the past-due benefits award. Generally, a fee motion must "be filed no later than 14 days after the entry of judgment." Fed. R. Civ. P. 54(d)(2)(B)(1). Applying that rule to a section 406(b) motion, such a motion is due within 14 days of notice of a benefits award. *See Sinkler v. Berryhill*, 932 F.3d 83, 88 (2d Cir. 2019). Here, the benefits notice is dated October 4, 2025, and appears to have been mailed on or shortly after that date. (ECF No. 16-4 at 1, 8). Plaintiff filed the fee motion 16 days later, on October 20, 2025. (ECF No. 19). Because the Court "presum[es] that a party receives communications three days after mailing" and Plaintiff filed his motion within 17 days of the date on the benefits notice, the motion is timely. *Sinkler*, 932 F.3d at 89 n.5; *see also* Fed. R. Civ. P. 6(d).

As for the merits, the Court concludes that the requested fee is "reasonable." 42 U.S.C. § 406(b)(1)(A). The statute "allows courts to grant reasonable attorney's fees for successful representation in Social Security actions," capping the fee amount at "'25 percent of the total of the past-due benefits to which the claimant is entitled.'" *Fields v. Kijakazi*, 24 F.4th 845, 852 (2d Cir. 2022) (quoting 42 U.S.C. § 406(b)(1)(A).) Here, the requested fee—$13,059.25—is 25 percent of the past-due benefits award of $52,237 and thus does not exceed the statutory cap. (*See* ECF No. 16-4 at 3.)

2

No circumstance suggests that a twenty-five percent fee is unreasonable in this case. *See Fields*, 24 F.4th at 849. In determining a reasonable fee under section 406(b), courts consider "the character of the representation and the result the representative achieved," "whether a claimant's counsel is responsible for undue delay," "whether there was fraud or overreaching in the making of the contingency agreement," and "whether a requested fee would result in a 'windfall' to counsel." *Fields*, 24 F.4th at 849. Here, counsel obtained a fully favorable outcome without any significant delay: The Commissioner issued its favorable decision on December 26, 2024, and the benefits award nine months later, on October 4, 2025. (*See* ECF Nos. 16-3, 16-4). And nothing suggests that fraud or overreaching affected the contingency agreement.

Nor would the requested fee result in a "windfall." *See Fields*, 24 F.4th at 854–56. Given counsel's 44.4 hours' work on this case, a $13,059.25 fee would result in a de facto hourly rate of $294.13. (*See* ECF No. 16-1 at 12; ECF No. 16-5.) Although higher than counsel's normal $225 hourly rate, (*see* ECF No. 16-5 at 4), it is well within, and even below, the range of "de facto hourly rates in other Social Security cases," *Fields*, 24 F.4th at 856 & n.10 (collecting cases with de facto hourly rates between $1,289.06 and $2,100); *see, e.g.*, *Rebecca L. B. v. Comm'r of Soc. Sec.*, No. 1:20-CV-00425-JJM, 2025 WL 1318376, at *3 (W.D.N.Y. May 7, 2025) (collecting cases with de facto hourly rates

between $697.20 and $1,772.09). Moreover, "there is no reason to think [Plaintiff] is dissatisfied" with the fully favorable outcome in this case. *Fields*, 24 F.4th at 855. Finally, the outcome was "uncertain . . . as evidenced by the fact that [Plaintiff's application] was denied multiple times at the agency level." *Id.* at 855–56 ("[P]ayment for an attorney in a social security case is inevitably uncertain, and any reasonable fee award must take account of that risk.") (quotation modified). Given all these factors, the Court finds the requested fee reasonable. *See* 42 U.S.C. § 406(b)(1)(A).

Finally, the Court notes that counsel must return the previously received EAJA fee award of $9,455 to Plaintiff. (*See* ECF No. 15.) Although fees are available under both EAJA and section 406(b), counsel "must refund to the claimant the amount of the smaller fee." *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002) (quotation modified).

Accordingly, the Court grants the motion for attorney's fees under section 406(b), (ECF No. 16), and orders as follows: Plaintiff's counsel is awarded attorney's fees in the amount of $13,059.25 and must refund the previously received EAJA fee of $9,455 to Plaintiff.

**SO ORDERED.**

Dated:    February 12, 2026
          Rochester, NY            */s/ Mark W. Pedersen*
                                   MARK W. PEDERSEN
                                   United States Magistrate Judge